# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LOREN L. LEISER,
        Petitioner,

v.                               Case No. 08C0368

BRADLEY HOMPE, Warden,
Stanley Correctional Institution,
        Respondent.

## ORDER

On April 28, 2008, petitioner Loren Leiser filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of several counts of sexual assault of a child and child abuse. He was sentenced to twenty years imprisonment for each count, to be served consecutively, and is currently incarcerated at Stanley Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response.

Rule 4, Rules Governing § 2254 Cases. During my initial review of a habeas petition, one issue I consider is whether, on the face of the petition, it appears to be timely filed.

A habeas petition challenging the validity of confinement pursuant to a state court conviction is subject to the statute of limitations defined in 28 U.S.C. § 2244. That section provides for a one-year limitation period, which begins to run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Additionally, § 2244 provides that the limitations period is tolled in the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ." Id. § 2244(d)(2).

Petitioner spent a great deal of time in the state courts in direct appeal and post-conviction proceedings. However, looking at the face of the petition, petitioner's last round of state court post-conviction proceedings concluded in January 2007. Petitioner did not file this petition until April 28, 2008. Thus, it appears that the petition is untimely. However, I will allow the parties to fully brief the issue of timeliness prior to making any decision. Petitioner has already filed a brief in anticipation of the assertion by respondent that the petition is untimely under § 2244. Therefore, I will order the respondent to file a brief in response on the issue of timeliness, and allow the petitioner to file a reply to that response.

2

**THEREFORE, IT IS ORDERED** that on or before **June 27, 2008**, respondent shall file a brief in response to petitioner's brief addressing the timeliness of the petition.

**IT IS FURTHER ORDERED** that on or before **July 27, 2008**, petitioner Leiser shall file a brief in reply to respondent's brief on the issue of the timeliness of his habeas corpus petition.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent Bradley Hompe and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin this 27 day of May, 2008.

/s  
LYNN ADELMAN  
District Judge

3