# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LOREN LEISER,**
        **Petitioner,**

    v.                                                                   **Case No. 08C0368**

**BRAD HOMPE,**
        **Respondent.**

## MEMORANDUM AND ORDER

On April 13, 2009, habeas petitioner Loren Leiser filed a notice of appeal of my dismissal of his case. On the same day he requested a certificate of appealability. Additionally, he has filed a motion to enlarge the record on appeal, as well as a motion to proceed in forma pauperis on appeal so that he may avoid paying the appellate filing fee of $455.[1] These requests and motions are before me now.

## I. IN FORMA PAUPERIS

Title 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that he is unable to pay such fees. Section 1915(a)(3) adds that an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. Coppedge v. United States, 369 U.S. 438, 446 (1962); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir.

---

[1] Petitioner was not in forma pauperis at the district court level because he paid the $5 filing fee in this court. The jump in price makes his current request understandable.

2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, Coppedge, 369 U.S. at 446; Lee, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, Lee, 209 F.3d at 1026; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988).

In this case, it appears that petitioner's arguments are not so baseless that they would be dismissed as frivolous without further consideration. As a result, as far as § 1915(a)(3) is concerned he should be allowed to proceed. Additionally, petitioner has submitted his trust account statement in support of the motion to proceed in forma pauperis, which establishes that he lacks sufficient assets to pay the appellate filing fee. As such, I will grant his motion to proceed in forma pauperis on appeal.

## II. CERTIFICATE OF APPEALABILITY

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability pursuant to 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4

2

(1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

I dismissed petitioner's case not based on the merits of any of the underlying claims, but on a procedural ground based on the statute of limitations bar found in 28 U.S.C. § 2244(d). When a district court dismisses a habeas petition based on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Section 2253 mandates that both showings be made before a certificate of appealability is granted. Id. at 485. The district court is allowed, and indeed encouraged, to proceed first to the procedural issue if its answer is more apparent from the record and arguments. Id.

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Id. at 484.

Addressing the procedural showing first, I believe the question of whether petitioner's case should have been dismissed for failure to meet the one-year statute of limitations would not be debatable among jurists of reason reviewing the record of this case. As I stated in my March 27, 2009 decision denying the habeas petition, the petition was filed well outside the limitations period, even if one considers only the time that has

3

elapsed since the conclusion of the last round of postconviction activity in state court. And as stated above, where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, no reasonable jurist could conclude that the district court erred or that the petitioner should be allowed to proceed further. There is therefore no need to address the underlying merits of the petition, and I will deny petitioner's request for a certificate of appealability.

### III.  MOTION TO ENLARGE THE RECORD ON APPEAL

Petitioner has moved the court to order the State of Wisconsin to produce various documents, including transcripts, investigation reports, briefs and library schedules. Petitioner is asking to enlarge the appeal record to include numerous items that were not presented at the district court level. An appeal record may not be augmented with such documents. Borden, Inc. v. FTC, 495 F.2d 785, 788 (7th Cir. 1974). As such, I will deny petitioner's motion.

### IV.  CONCLUSION

**Therefore,**

**IT IS ORDERED** that petitioner's motion to proceed in forma pauperis on appeal is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's request for a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion to enlarge the record on appeal is **DENIED.**

Dated at Milwaukee, Wisconsin, this 12 day of June, 2009.

/s_____
LYNN ADELMAN
District Judge